IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LYNDA REDDY,**

        **Plaintiff,**

  v.

**JPMORGAN CHASE BANK, N.A.,** *et al.*,

        **Defendants.**

**Case No. 2:09-cv-1152**
**Judge Smith**
**Magistrate Judge Deavers**

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 10). This motion is ripe for disposition. For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss.

**I.    Background**

In June 2007, Defendant JPMorgan Chase Bank, N.A. ("the Bank"), hired Plaintiff Lynda Reddy to process loan payments in its Home Equity Department. On June 6, 2008, Plaintiff dually filed a discrimination charge with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC") (assigned charge Nos. COL 71 (35810) 06092008 and 22A-2008-04457C) (the "First Charge"). Plaintiff alleged that, as a black woman, she was subjected to a racially hostile working environment and was retaliated against after she complained of this harassment. In August 2008, Plaintiff, allegedly suffering from stress and anxiety, requested disability leave. Plaintiff did not work from August 11, 2008, until September 2, 2008. (Compl. at pp. 7-8). After returning to work in September 2008, Plaintiff dually filed

another discrimination charge against the Bank with the OCRC and EEOC (assigned charge Nos. COL 71 (36148) 09262008 and 22A-2009-00938) (the "Second Charge").  By this charge, Plaintiff alleged that she had been retaliated against because she filed the previous charge with the OCRC.  In neither charge did Plaintiff indicate, by checking a box or otherwise, that she was alleging discrimination due to disability or age.

On January 8, 2009, the OCRC issued a letter of determination regarding the First Charge, and indicated its determination that there was no probable cause to believe that the Bank engaged in unlawful discriminatory practice under Ohio Rev. Code Chapter 4112.  The record does not contain a right-to-sue notice issued by the EEOC regarding the allegations made in the First Charge.  On August 13, 2009, the OCRC issued a second letter of determination regarding the Second Charge, wherein it indicated its determination that there was no probable cause of unlawful discriminatory practice under Ohio Rev. Code Chapter 4112.  On September 22, 2009, the EEOC issued a "Dismissal and Notice of Rights" (a right-to-sue) letter to Plaintiff indicating that it adopted the findings of the OCRC and was closing the file on the Second Charge.

In December 2009, *pro se* Plaintiff Reddy initiated this action against Defendants the Bank, Nicole Lafayette, and Stacey Dean (collectively "Defendants").  Plaintiff alleges the following federal and state law claims:  race discrimination and harassment in violation of Title VII and Ohio Rev. Code Chapter 4112; retaliation in violation of Title VII and Ohio Rev. Code Chapter 4112; disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and Chapter 4112 of the Ohio Revised Code; retaliation and interference in violation of the Family Medical Leave Act ("FMLA"); wrongful denial of short-term disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA");

2

discrimination under the Age Discrimination in Employment Act ("ADEA"); and defamation under state common law.

On February 9, 2010, Defendants filed a motion to dismiss certain claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 10).  Just over two weeks later, Plaintiff filed a motion for summary judgment (Doc. 11).  Plaintiff attached a second "Complaint" and an "Amended Complaint" to her motion, apparently in response to Defendants' motion to dismiss.  Plaintiff subsequently confirmed that she attached these documents in response to Defendants' motion to dismiss.  (*See* Doc. 13).  In response to Plaintiff's motion for summary judgment, Defendants moved for relief under Federal Rule of Civil Procedure 56(f) (Doc. 12).  On April 8, 2010, Plaintiff filed a brief in opposition to Defendants' motion to dismiss (Doc. 16).  Citing Rule 12(f), Defendants filed a motion to strike Plaintiff's April 2010 brief in opposition to Defendants' motion to dismiss (Doc. 17).  Therefore, in addition to Defendants' motion to dismiss, the following motions are currently pending before the Court:  Plaintiff's motion for summary judgment (Doc. 11), Defendants' motion for relief under Rule 56(f) (Doc. 12), and Defendants' motion to strike Plaintiff's brief in opposition to the motion to dismiss (Doc. 17).

## II. Plaintiff's Motion for Summary Judgment

### A. Standard of Review

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(c)(2), which provides as follows:  "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  The

Court therefore may grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

But if the party opposing the summary judgment motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order. Fed. R. Civ. P. 56(f). Rule 56(f) provides a mechanism for a nonmoving party and the courts "to give effect to the well-established principle that 'the [nonmoving party] must receive "a full opportunity to conduct discovery" to be able to successfully defeat a motion for summary judgment.' " *Short v. Oaks Corr. Facility*, 129 F. App'x 278, 281 (6th Cir. 2005) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)). "Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

    **B.    Discussion**

Plaintiff asserts that she is entitled to summary judgment on her claims. Defendants contend that any motion for summary judgment is premature, and they have submitted an affidavit in support of this contention. One of the attorneys representing Defendants has averred that the parties have not conducted any discovery. The attorney further states that Defendants cannot

oppose Plaintiff's motion for summary judgment without first conducting discovery on such matters as Plaintiff's employment background, employment history and performance at the Bank, and her interactions with her supervisors and other Bank employees.  These assertions are consistent with the procedural posture of this case and the claims asserted against Defendants.  Thus, Plaintiff's motion for summary judgment is premature, as Defendants have not had the opportunity to conduct discovery in this lawsuit.  Accordingly, Plaintiff's motion for summary judgment is **DENIED** without prejudice.

### III.     Defendants' Motion to Dismiss

#### A.     Motion to Strike

Before addressing the merits of Defendants' motion to dismiss, the Court will address the preliminary matter of Defendants' motion to strike.  Citing Federal Rule of Civil Procedure 12(f), Defendants move for an order striking Plaintiff's filing titled "Objection to Defendants['] Brief in Support of Their Motion to Dismiss" (Doc. 16).  According to Defendants, the filing of this document does not comply with Local Rule 7.2(a)(2), and Plaintiff has not shown good cause for the late filing.

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Rule 12(f) is limited to "pleadings and is inapplicable to other filings." *Turner v. City of Akron*, 2008 WL 45376 (N.D. Ohio Jan. 2, 2008) (quoting *Dawson v. Kent*, 682 F. Supp. 920 (N.D. Ohio 1988)); *Zep Inc. v. Midwest Motor Supply Co.*, 2010 WL 2572129, *2 (S.D. Ohio June 22, 2010) ("The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings.").  A brief is not a "pleading."  *See* Fed. R. Civ. P. 7(a) (defining what pleadings are

5

permitted). Therefore, by its terms, Rule 12(f) does not apply to briefs and other non-pleadings. Nonetheless, the Court has the inherent power to strike filings that do not comply with court rules. *See Zep Inc.*, at *2 (noting that courts apply their inherent power to control their dockets when determining whether to strike documents).

S.D. Ohio Civ. R. 7.2(a)(2) provides that a memorandum in opposition to a motion may be served within 21 days after the original motion is made, and a reply may be served within 11 days after the memorandum in opposition. It also provides that "[n]o additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown." In lieu of filing a memorandum in opposition to the motion to dismiss within 21 days, Plaintiff filed her motion for summary judgment on February 25, 2010. Nearly a month later, on March 24, 2010, Plaintiff filed a document titled "Objection to the Defendant[s'] Motion to Dismiss/and or Continuance to Oppose to the Plaintiff's Motion of Summary Judgment" (Doc. 13). This document is primarily directed at Defendants' request for a continuance to oppose Plaintiff's motion for summary judgment. The document does not appear to address Defendants' arguments in support of their motion to dismiss. On April 8, 2010, Plaintiff filed document number 16, wherein she asserts that she received Defendants' brief in support of their motion to dismiss on April 3, 2010. Although it seems unlikely that Plaintiff did not receive the brief in support of Defendants' motion to dismiss until April 3, 2010, Defendants will not be prejudiced if the Court considers Plaintiff's arguments contained in her brief in opposition to Defendants' motion to dismiss. Accordingly, the motion to strike is **DENIED** and the brief in opposition to the motion to dismiss (Doc. 16) has be reviewed and considered in resolving Defendants' motion to dismiss.

### B. Plaintiff's Attachment of a Second "Complaint" and an "Amended Complaint" to Motion for Summary Judgment

Another preliminary matter to be resolved involves Plaintiff's attachment of a second "Complaint" and an "Amended Complaint" to her motion for summary judgment. The Court construes these two filings as one document, which it will call the "proposed Amended Complaint." Because Defendants served their motion under Rule 12(b) before Plaintiff's attempt to amend the complaint, the filing of the proposed Amended Complaint requires leave of this Court. *See* Fed. R. Civ. P. 15(a). Plaintiff's proposed Amended Complaint appears to be her attempt, as a *pro se* litigant, to amend the original complaint with additional information she believes may cure any deficiency of the original complaint and provide further factual development of her original allegations. While Plaintiff does not expressly incorporate the allegations and claims in her original complaint into her proposed Amended Complaint, the Court, in the interest of justice, deems the proposed Amended Complaint to have fully incorporated all allegations and claims of the original complaint. Furthermore, Defendants have not indicated an opposition to the filing of the proposed Amended Complaint. Accordingly, Plaintiff is hereby **GRANTED** leave to file the proposed Amended Complaint.

To the extent Defendants' motion to dismiss substantively addresses deficiencies of the complaint, even as amended, the Court will consider Defendants' motion to dismiss as it applies to the proposed Amended Complaint (which the Court views as incorporating the allegations and claims of the original complaint). Conversely, insofar as any amendments to the complaint are not in substance addressed by the motion to dismiss, the Court grants Defendants leave to file an additional motion to dismiss to address any claim not resolved by this Opinion.

### C. Standards of Review

#### 1. Rule 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Ritchie*, 15 F.3d at 598; *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Where a defendant raises the issue of lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); *Moir*, 895 F.2d at 269. Here, Defendants challenge the factual existence of subject matter jurisdiction.

#### 2. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel*

*Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 1950. While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, at 555. "[W]here the well-pleaded facts do not

9

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Iqbal*, at 1950 (quoting Fed. Rule Civ. Proc. 8(a)(2)). In the final analysis, the task of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A *pro se* complaint should be liberally construed. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). But the Court is not required to fabricate allegations which are not pleaded, or conversely, ignore the facts that have been pleaded. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

### D. Discussion

#### 1. Title VII, ADA, and ADEA Claims

Plaintiff asserts claims under Title VII, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). Plaintiff alleges that she suffered racial discrimination in the form of harassment and that she was retaliated against when she complained of the harassment. Plaintiff also alleges that she was discriminated against on the basis of her disability, and suggests that she was discriminated against on the basis of her age. Defendants argue that Plaintiff's claims under Title VII for racial harassment and retaliation, as set forth in the First Charge, should be dismissed because they are untimely, and that Plaintiff's claim under the ADA should be dismissed because the allegations in the pleadings fail to show that Plaintiff has exhausted her administrative remedies as to this claim. According to Defendants, the Court should dismiss these claims under Title VII and the ADA, pursuant to Rule 12(b)(1), for lack of

subject matter jurisdiction. The Court agrees that these claims should be dismissed, but does not agree that they should be dismissed pursuant to Rule 12(b)(1). Additionally, Defendants argue that Plaintiff's ADEA claim (to the extent she asserts this claim) also should be dismissed because Plaintiff did not exhaust her administrative remedies and because she fails to state a claim upon which relief can be granted.

"Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII or ADA action." *Williams v. Northwest Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002); *Lowe v. Hamilton County Job & Family Services*, 2009 WL 818960, at *7 (S.D. Ohio Mar. 27, 2009). To exhaust administrative remedies, a plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC) within 180 days of the alleged unlawful employment practice or, if the plaintiff has instituted proceedings with a state or local agency, within 300 days. *See* 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a) (procedures from § 2000e-5 apply to ADA claims). Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has ninety days to file a civil action. *See* 42 U.S.C. § 2000e-5(f)(1). A plaintiff may not file a suit under Title VII or the ADA if he or she does not possess a right-to-sue letter from the EEOC because he or she has not exhausted his or her remedies. *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000). The exhaustion of administrative remedies is a condition precedent to a Title VII claim. *Zipes v. TWA*, 455 U.S. 385, 392-98 (1982). Exhaustion is also required under the ADEA. *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 753 (1979); *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 401 (6th Cir. 2008) (administrative exhaustion is a statutory prerequisite to maintaining claims brought under the ADEA). When an allegation is not included in an EEOC charge, the defect is not jurisdictional, unless Congress

"clearly states" that this is the case.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515; *Hill v. Nicholson*, 2010 WL 2640261, at *3 (6th Cir. June 24, 2010).

The Bank assumes that the EEOC adopted the OCRC's finding of no probable cause with regard to Plaintiff's First Charge, and that the EEOC issued its notice of right-to-sue shortly after the OCRC issued its finding on this charge.  If that is the case, then Plaintiff waited many months after the right-to-sue notice was issued, and furthermore did not file suit within the 90 days required by Section 2000e-5(f)(1).  But because Plaintiff did not attach an EEOC notice of right-to-sue as to the First Charge, and has not alleged when or if she received such notice, Plaintiff has not shown that this condition precedent, to her filing suit on these allegations, exists.  Accordingly, these claims, premised on the harassment and retaliation alleged in Plaintiff's First Charge, and for an alleged violation of the ADA, must be dismissed as Plaintiff has failed to show that she obtained a right-to-sue letter before filing suit based on this conduct, or that she timely filed suit on these claims.  Furthermore, as to the ADA and ADEA claims, Plaintiff did not assert a violation of the ADA or ADEA in either the First or Second Charge she filed with the OCRC and the EEOC.  For this addition reason, these claims must be dismissed for failure to exhaust administrative remedies.

Defendants argue in the alternative that any ADEA claim asserted by Plaintiff should be dismissed as she fails to state a claim upon which relief can be granted.  The Court agrees.  The ADEA prohibits an employer from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age.  29 U.S.C. § 623(a)(1).  To establish a prima facie case of age discrimination under this analysis, Plaintiff bears the burden of demonstrating that 1) she was a member of a protected class; 2) she

12

suffered an adverse employment action; 3) she was qualified for the position held; and 4) she was replaced by someone outside of the protected class or she was treated differently than similarly situated employees outside the protected class. *See Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 410-11 (6th Cir. 2008). Although Plaintiff states in her complaint that the ADEA prohibits discrimination, she does not otherwise state the circumstances of any discrimination on the basis of her age. Thus, because Plaintiff does not allege the elements of a *prima facie* claim for age discrimination, this claim must be dismissed for this additional reason.

### 2. Claims Against Individual Defendants Dean and LaFayette

#### a. Title VII

Defendants contend that even assuming for the sake of argument that Plaintiff could pursue her Title VII claims for racial harassment and retaliation as set forth in her First Charge, these claims must be dismissed against individual Defendants Dean and LaFayette. This contention is well-founded, as it is established law in the Sixth Circuit that Title VII does not support a claim for individual liability absent a showing that the individual qualifies as an employer as defined under the Act. *See Walthen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."); *Bangas v. Potter*, 145 F. App'x. 139 (6th Cir. 2005) ("The law is clear in this circuit that individual liability may not be imposed on an employee, provided that the employee himself cannot be classified as an 'employer,' under Title VII."); *Cf. Genaro v. Central Transport, Inc.*, 703 N.E.2d 782, 787-88 (Ohio 1999) ( "[Under Ohio Rev. Code Chapter 4112,] individual supervisors and managers are accountable for their own discriminatory conduct occurring in the workplace environment."). Thus, Plaintiff's

Title VII claims against individual Defendants Dean and LaFayette must be dismissed.

### b. FMLA

Defendants argue that, to the extent Plaintiff seeks to impose liability on Defendants Dean and LaFayette for violating the FMLA, her claim must be dismissed. FMLA provides: "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). The FMLA further provides: "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2).

In "appropriate circumstances," supervisors and managers of private-sector employees can be held liable under the FMLA. *Carpenter v. Refrigeration Sales, Corp.*, 49 F. Supp. 2d 1028 (N.D. Ohio 1999); *see Mitchell v. Chapman*, 343 F.3d 811, 827 (6th Cir. 2003) (recognizing the great weight of authority that the FMLA imposes individual liability on private-sector employers). But Plaintiff alleges that Defendant Dean was no longer her supervisor when the FMLA was allegedly violated. And Plaintiff does not allege that Defendant LaFayette acted improperly with respect to Plaintiff's request for FMLA leave. Plaintiff's allegations concerning an FMLA violation only implicate her immediate supervisor and the "FMLA department" or "Disability Unit" at the Bank. (*See* Doc. 3-1). Because Plaintiff does not allege facts from which it could reasonably be inferred that Defendants Dean or LaFayette acted improperly as to Plaintiff's request for FMLA leave, she has failed to state a claim against these defendants for violating the FMLA. Simply stated, Plaintiff fails to allege that these individual defendants engaged in conduct that violated the FMLA. Accordingly, to the extent Plaintiff alleges that Defendants Dean and

14

LaFayette violated the FMLA, these claims are dismissed pursuant to Rule 12(b)(6).

### c. ERISA

Defendants argue that any ERISA claim against Dean and LaFayette also must be dismissed. Congress enacted the Employee Retirement Income Security Act ("ERISA") in 1974 to "assur[e] the equitable character of [employee benefit plans] and their financial soundness," and "to protect . . . the interests of participants in employee benefits plans and their beneficiaries." *See* 29 U.S.C. § 1001. "Under ERISA, a 'fiduciary' must 'discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries[,]' and only for the purpose of providing benefits to beneficiaries and covering administrative costs." *Briscoe v. Preferred Health Plan, Inc.*, 578 F.3d 481, 485 (6th Cir. 2009) (citing 29 U.S.C. § 1104(a)(1)(A)). "Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable" for damages caused by the breach. *Id.* (citing 29 U.S.C. § 1109(a)).

Here, Plaintiff has not alleged that Defendants Dean or LaFayette owed Plaintiff any fiduciary duty under an employee benefit plan, or that they breached any duty. Therefore, insofar as Plaintiff has asserted ERISA claims against Defendants Dean and LaFayette, these claims must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### 3. Defamation

Defendants argue that Plaintiff's defamation claim should be dismissed pursuant to Rule 12(b)(6). Under Ohio law, the elements of a defamation claim, whether libel or slander, are "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third

party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Harris v. Bornhorst*, 513 F.3d 503, 522 (6th Cir. 2008) (quoting *Akron-Canton Waste Oil v. Safety-Kleen Oil Servs.*, 611 N.E.2d 955, 962 (Ohio Ct. App. 1992)) (internal quotation marks omitted).

Actionable defamation falls into one of two categories: defamation *per se* or defamation *per quod*. In order to be actionable *per se*, the allegedly defamatory statement must fit within one of four classes: (1) the words import a charge of an indictable offense involving moral turpitude or infamous punishment; (2) the words impute some offensive or contagious disease calculated to deprive a person of society; (3) the words tend to injure a person in his trade or occupation; and (4) the words tend to subject a person to public hatred, ridicule, or contempt. *Am. Chem. Soc. v. Leadscope*, 2010 WL 2396544, *12 (Ohio Ct. App. June 15, 2010) (*citing Schoedler v. Motometer Gauge & Equip. Corp.*, 15 N.E.2d 958 (Ohio 1938) and *Bigelow v. Brumley*, 37 N.E.2d 584 (Ohio 1941)). Defamation *per se* occurs if a statement, on its face, is defamatory. *Moore v. P.W. Publishing Co.*, 209 N.E.2d 412, 415 (Ohio 1965); *Becker v. Toulmin*, 138 N.E.2d 391, 397 (Ohio 1956). Conversely, a statement is defamatory *per quod* if it can reasonably have two meanings, one innocent and one defamatory. *Moore*, 209 N.E.2d at 415; *Becker*, 138 N.E.2d at 397. Therefore, when the words of a statement are not themselves, or *per se*, defamatory, but they are susceptible to a defamatory meaning, then they are defamatory *per quod*. *Moore*, 209 N.E.2d at 415; *Becker*, 138 N.E.2d at 395.

When a statement is defamatory *per se*, a plaintiff "may maintain an action for [defamation] and recover damages, without pleading or proving special damages." *Becker*, 138

N.E.2d at 395. That is, in cases of defamation *per se*, the law presumes the existence of damages. *Wampler v. Higgins*, 752 N.E.2d 962, 977 n.8 (Ohio 2001). But when a statement is only defamatory *per quod*, a plaintiff must plead and prove special damages. *Becker*, 138 N.E.2d at 397.

Plaintiff contends that her name was slandered when she was accused of poor work performance. For example, the proposed Amended Complaint alleges that Plaintiff's supervisors at the Bank, specifically Defendants Dean and LaFayette, falsely accused her of committing errors in her work, and that they made these accusations to the OCRC. Plaintiff's allegations suggest that these allegedly false statements were made maliciously as retaliation for Plaintiff asserting complaints against her employer. Because the proposed Amended Complaint asserts operative facts relating to alleged defamation that are not addressed by Defendants' motion to dismiss, the Court declines to dismiss this cause of action at this time.

### 4. State Law Disability Claim Against Defendant Dean

Defendant Dean argues that this Court should dismiss Plaintiff's Ohio Rev. Code Chapter 4112 disability discrimination claim against her for allegedly failing to accommodate her medical condition. Under Ohio law, individual supervisors and managers are accountable for their own discriminatory conduct occurring in the workplace environment. *See Genaro*, 703 N.E.2d at 787-88. Therefore, an individual supervisor or manager may be held jointly and severally liable for discriminatory conduct in violation of Ohio Rev. Code Chapter 4112. *See Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 n.2 (6th Cir. 2000) (citing *Genaro*). According to Plaintiff's allegations, Defendant Dean was no longer employed as her supervisor when Plaintiff requested disability leave in August and/or September 2008, as she resigned from her position in April or

17

May 2008. Thus, Plaintiff fails to allege that Defendant Dean was the decision-maker in regard to her request for disability leave in August and/or September 2008. Therefore, Plaintiff's state law disability discrimination claim against Defendant Dean must be dismissed.

### 5. State Law Claims Against Defendant LaFayette

Defendants argue that Plaintiff has failed to state any claim upon which relief can be granted against Defendant LaFayette, and therefore should be summarily dismissed as an individual defendant from this action. As noted above, individual supervisors can be held liable under Ohio law for their own discriminatory conduct occurring in the workplace environment. Plaintiff alleges that management at the Bank created a hostile work environment for her that resulted in stress and anxiety that necessitated medical treatment. Plaintiff further alleges that Defendant LaFayette was one of her supervisors that was involved in the alleged discriminatory and retaliatory conduct. In view of these allegations, it would not be appropriate to dismiss Defendant LaFayette from this action at this time.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss (Doc. 10); **DENIES** without prejudice Plaintiff's Motion for Summary Judgment (Doc. 11); and **DENIES** Defendants' Motion to Strike (Doc. 17). Plaintiff's Title VII claims relating to the allegations contained in the First Charge, as well as her ADA and ADEA claims, are dismissed. All of Plaintiff's Title VII, FMLA, and ERISA claims against Defendants Dean and LaFayette are dismissed. Lastly, Plaintiff's state law disability discrimination claim against Defendant Dean is dismissed. Claims not dismissed remain pending.

The Clerk is directed to file Plaintiff's proposed Amended Complaint (Docs. 11-1 and 11-

2).  The Amended Complaint is construed as fully incorporating Plaintiff's original Complaint (Doc. 3).  Defendants are granted leave to file an additional motion to dismiss to address any deficiency of the Amended Complaint that has not already been addressed and resolved by the Court.  This motion, if filed, must be filed no later than 21 days after the filing of this decision.

The Clerk shall remove Documents 10, 11, and 17, from the Court's pending motions list.

**IT IS SO ORDERED.**

*s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**