## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**LYNDA REDDY,**

       **Plaintiff,**                               **Case No. 2:09-cv-1152**
                                                    **JUDGE SMITH**
                                                    **Magistrate Judge Deavers**

      **-v-**

**JPMORGAN CHASE BANK, N.A.,** *et al.,*

       **Defendants.**


## OPINION AND ORDER

       This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Defamation Claim (Doc. 35) and Plaintiff's Motion for Leave of Court to File Notice of Right to Sue Letter (Doc. 38).  Responses and replies have been filed and these motions are now ripe for review.  For the reasons that follow, Plaintiff's Motion for Leave to File Right to Sue Letter is **DENIED** and Defendants' Motion to Dismiss is **GRANTED.**

## I.    FACTUAL BACKGROUND

       In June 2007, Defendant JPMorgan Chase Bank, N.A. ("Chase" or the "Bank"), hired Plaintiff Lynda Reddy to process loan payments in its Home Equity Department.  On June 6, 2008, Plaintiff dually filed a discrimination charge with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC") (assigned charge Nos. COL 71 (35810) 06092008 and 22A-2008-04457C) (the "First Charge").  Plaintiff alleged that,

as a black woman, she was subjected to a racially hostile working environment and was retaliated against after she complained of this harassment. In August 2008, Plaintiff, allegedly suffering from stress and anxiety, requested disability leave. Plaintiff did not work from August 11, 2008, until September 2, 2008. (Compl. at pp. 7-8). After returning to work in September 2008, Plaintiff dually filed another discrimination charge against the Bank with the OCRC and EEOC (assigned charge Nos. COL 71 (36148) 09262008 and 22A-2009-00938) (the "Second Charge"). In the Second Charge, Plaintiff alleged that she had been retaliated against because she filed the first charge with the OCRC. In neither charge did Plaintiff indicate, by checking a box or otherwise, that she was alleging discrimination due to disability or age.

On January 8, 2009, the OCRC issued a letter of determination regarding the First Charge, and indicated its determination that there was no probable cause to believe that the Bank engaged in unlawful discriminatory practice under Ohio Revised Code Chapter 4112. The record does not contain a right-to-sue notice issued by the EEOC regarding the allegations made in the First Charge. On August 13, 2009, the OCRC issued a second letter of determination regarding the Second Charge, wherein it indicated its determination that there was no probable cause of unlawful discriminatory practice under Ohio Revised Code Chapter 4112. On September 22, 2009, the EEOC issued a "Dismissal and Notice of Rights" (a right-to-sue) letter to Plaintiff indicating that it adopted the findings of the OCRC and was closing the file on the Second Charge.

In December 2009, *pro se* Plaintiff Reddy initiated this action against Defendants Chase, Nicole Lafayette, and Stacey Dean (collectively "Defendants"). Plaintiff alleges the following federal and state law claims: race discrimination and harassment in violation of Title VII and Ohio

2

Revised Code Chapter 4112; retaliation in violation of Title VII and Ohio Revised Code Chapter 4112; disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and Chapter 4112 of the Ohio Revised Code; retaliation and interference in violation of the Family Medical Leave Act ("FMLA"); wrongful denial of short-term disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"); discrimination under the Age Discrimination in Employment Act ("ADEA"); and defamation under state common law.  Plaintiff alleges that Defendants Dean and LaFayette defamed her "by making false accusation of the Plaintiff work performance to the Ohio Civil Rights Commissioner in regards of inaccuracy of errors to the Plaintiff work [*sic*]."  (Am. Compl., p. 3).  Plaintiff also alleges that these Defendants falsely reported to other Chase employees that her work performance was poor. (*See* Am. Compl., pp. 7-10).

On February 9, 2010, Defendants filed a motion to dismiss certain claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 10).  Just over two weeks later, Plaintiff filed a motion for summary judgment (Doc. 11).  Plaintiff attached a second "Complaint" and an "Amended Complaint" to her motion, apparently in response to Defendants' motion to dismiss.  Plaintiff subsequently confirmed that she attached these documents in response to Defendants' motion to dismiss.  (*See* Doc. 13).  In response to Plaintiff's motion for summary judgment, Defendants moved for relief under Federal Rule of Civil Procedure 56(f) (Doc. 12).  On April 8, 2010, Plaintiff filed a brief in opposition to Defendants' motion to dismiss (Doc. 16).  Citing Rule 12(f), Defendants filed a motion to strike Plaintiff's April 2010 brief in opposition to Defendants' motion to dismiss (Doc. 17).

On August 30, 2010, the Court granted in part and denied in part Defendants' motion to

3

dismiss, denied without prejudice Plaintiff's motion for summary judgment, and denied

Defendants' motion to strike.  Although the Court dismissed some of Plaintiff's claims, it did not

dismiss Plaintiff's claim of defamation under Ohio law, which is the primary subject of this

opinion.  The Court did not dismiss the defamation claim because the Amended Complaint

asserted operative facts relating to alleged defamation that were not addressed by Defendants'

motion to dismiss.  (Doc. 32, p. 17).  Defendants now move to dismiss Plaintiff's defamation

claim in consideration of Plaintiff's assertions in the Amended Complaint.

## II.    STANDARD OF REVIEW

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached

to it.  *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Rule 8(a)(2) of

the Federal Rules of Civil Procedure requires the complaint to contain a "short and plain

statement of the claim showing that the pleader is entitled to relief[.]" A court, in considering a

12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the

plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d

461, 466 (6th Cir. 2009).

To survive dismissal pursuant to Rule 12(b)(6), however, a claim must "contain sufficient

factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  The United States Supreme Court, in *Ashcroft v. Iqbal*, 129

S.Ct. 1937 (2009), clarified *Twombly's* plausibility standard:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a
> court must accept as true all of the allegations contained in a complaint is
> inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of
> action, supported by mere conclusory statements, do not suffice.  *Id.*, at 555
> (Although for the purposes of a motion to dismiss we must take all of the factual

4

allegations in the complaint as true, we "are not bound to accept as true a legal
conclusion couched as a factual allegation" (internal quotation marks omitted)).
Rule 8 marks a notable and generous departure from the hyper-technical,
code-pleading regime of a prior era, but it does not unlock the doors of discovery
for a plaintiff armed with nothing more than conclusions. Second, only a complaint
that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.
Determining whether a complaint states a plausible claim for relief will, as the
Court of Appeals observed, be a context-specific task that requires the reviewing
court to draw on its judicial experience and common sense.  490 F.3d at 157-158.
But where the well-pleaded facts do not permit the court to infer more than the
mere possibility of misconduct, the complaint has alleged -- but it has not
"show[n]" -- "that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

*Id.*, at 1949-50.

### III.   DISCUSSION

As a preliminary matter, the Court notes that all parties have had the opportunity to fully

brief the issue of whether Plaintiff's defamation claim should be dismissed.  Furthermore, the

Court has decided to consider all documents pertaining to Defendants' Motion to Dismiss (Doc.

35), and it will not strike Plaintiff's "Response of Defendants' Brief in Support of Their Motion to

Dismiss Plaintiff's Defamation Claim" (Doc. 39) from the record.  The Court will first consider

Plaintiff's Motion for Leave to File her Right to Sue Letter (Doc. 38) and then will turn to

Defendants' Motion to Dismiss (Doc. 35).

### A.    Motion for Leave to File Right to Sue Letter

Plaintiff did not attach, to her Complaint or Amended Complaint, an EEOC notice of

right-to-sue as to the First Charge, nor is such notice otherwise part of the record.  All of

Plaintiff's claims relating to conduct alleged in the First Charge have been dismissed, as discussed

in the Court's previous Opinion & Order.  (Doc. 32).  Simply stated, Plaintiff failed to show that

she exhausted her remedies as to the First Charge.  And reasonably assuming the EEOC adopted

the findings of the OCRC as to the First Charge, and issued a notice of right-to-sue within a few months of the OCRC's decision, Plaintiff's lawsuit was untimely as to her claims relating to this charge. Plaintiff's current request, which has no document attached to it, does not cure her failure to show she timely filed her lawsuit after exhausting her administrative remedies. Consequently, Plaintiff's Motion for Leave to File Right to Sue Letter is denied.

**B.    Motion to Dismiss**

Defendants argue that Plaintiff's defamation claim should be dismissed because this claim is entirely based on privileged and protected communication between Defendants and the Ohio Civil Rights Commission.

The essential elements of a claim for defamation under Ohio law are: (1) the defendant made a false statement, (2) that false statement was defamatory in the sense that it reflected unfavorably of the plaintiff's character or injured his trade or business, (3) the statement was published or communicated, and (4) the defendant acted with the necessary degree of fault. *Fuchs v. Scripps Howard Broadcasting Co.,* 868 N.E.2d 1024, 1034 (Ohio Ct. App. Oct. 13, 2006).

Privilege is an affirmative defense under the law of defamation. *Costanzo v. Gaul*, 62 Ohio St.2d 106, 108 (Ohio 1980). The privilege defense recognizes certain communications as not being within the rules imposing liability for defamation. *Id.* There are two classes of privileged communication, absolute and qualified. *Id.* Statements that fall under the absolute privilege category are afforded complete protection, whereas statements under the qualified privilege category are afforded protection only in the absence of malice. *Id.* The application of an absolute privilege has generally been applied to legislative and judicial proceedings. *Id.* at 109.

6

In a case similar to the case at bar, the plaintiff alleged defamation based entirely on statements defendant made to the OCRC in response to the complaint the plaintiff filed with the OCRC. *See Cirotto v. Heartbeats of Licking County*, No. 10-CA-21, 2010 WL 3495623 (Ohio Ct. App. Sept. 7, 2010). In *Cirotto,* the trial court held that the plaintiff could not establish his defamation claim because the statements the defendant made to the OCRC were protected by absolute privilege. *Id.* The Ohio Fifth District Court of Appeals affirmed the trial court's decision and held that the affirmative defense of absolute privilege precluded the plaintiff's defamation claim. *Id.* As in *Cirotto,* Plaintiff Reddy's defamation claim is based on statements Defendants made to the OCRC in response to the filing of the complaint. (Doc. 33, Affidavit, p. 3). Therefore, the statements that Defendants Dean and Lafayette made to the OCRC are protected by the absolute privilege defense.

Furthermore, insofar as allegedly false statements of Defendants Dean and Lafayette are not protected by the absolute privilege defense because they were made to other employees, Plaintiff's Amended Complaint fails to sufficiently allege the necessary facts to support a plausible claim of defamation. In particular, Plaintiff's Amended Complaint does not allege that these Defendants acted with the required degree of fault necessary for her to demonstrate defamation in Ohio. In Ohio, statements on a matter of common interest between an employer and an employee, or between two employees, concerning a third employee are protected absent the presence of malice (qualified privilege doctrine). *See Quintile v. Medina Co.*, No. 1:07-cv-2413, 2008 WL 2484173, *9 (N.D. Ohio June 17, 2008) (citing *Evely v. Carlon Co.*, 447 N.E.2d 1290, 1292 (1983)). In this regard, Plaintiff has not alleged facts demonstrating that these Defendants knew their statements were false, or that they acted with reckless disregard as to the statements'

7

truth or falsity. Plaintiff's conclusory assertions are not sufficient to state a plausible claim.

Accordingly, Defendant's Motion to Dismiss Plaintiff's Defamation Claim is granted.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to File Right to Sue Letter (Doc. 38) and the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Defamation Claim (Doc. 35).

As to Defendant Chase, the following claims remain pending: Plaintiff's state law claims of race discrimination, retaliation, and disability discrimination; her federal law claims of interference and retaliation in violation of FMLA; and her wrongful denial of short-term disability benefits under ERISA. As to Defendant Lafayette, Plaintiff's state law claims of race discrimination, retaliation, and disability discrimination, remain pending. Finally, as to Defendant Dean, Plaintiff's state law claims of race discrimination and retaliation remain pending.

The Clerk shall remove Documents 35 and 38 from the Court's pending motions list.


    **IT IS SO ORDERED.**

                                                    */s/ George C. Smith*
                                                    **GEORGE C. SMITH, JUDGE**
                                                    **UNITED STATES DISTRICT COURT**

8