UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


LYNDA REDDY,

       Plaintiff,

-v-

JP MORGAN CHASE BANK, N.A.,

       Defendant.

Case Nos. 2:09-cv-1152
              2:11-cv-879

JUDGE SMITH
Magistrate Judge Deavers

# OPINION AND ORDER

This matter is before the Court on Defendant's Combined Motion to Dismiss and Motion to Strike (Doc. 12), filed in Case No. 2:11-cv-879. This motion is fully briefed and ripe for disposition. For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendant's combined motion.

## I.   BACKGROUND

In January 2007, Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant") hired Plaintiff Lynda Reddy to process loan payments. In 2008, Plaintiff filed discrimination charges with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC"). In 2009, Plaintiff filed suit in this Court (Case No. 2:09-cv-01152, the "companion case" to the instant matter).

On April 8, 2011, Plaintiff filed another discrimination charge with the EEOC (assigned

Charge No. 846-2011-39627) ("the Charge").  Plaintiff alleged that Chase subjected her to different terms and conditions of employment due to her race (black), age (45), disability, and in retaliation for filing a prior charge of discrimination.  Plaintiff listed several alleged acts of discrimination/retaliation surrounding her leaves of absence, occurring between September 3, 2010 and April 19, 2011, including: improper payment of wages and usage of benefits, improper application of FMLA, denial of raise, and denial of long-term disability coverage.

On August 12, 2011, the EEOC issued a "Notice of Right to Sue (Issued on Request)," which indicated that the EEOC was terminating its processing of the Charge. On September 21, 2011, Chase terminated Plaintiff's employment.  On October 3, 2011, Plaintiff filed the instant *pro se* action against Chase, asserting a multitude of employment-related claims. Specifically, Plaintiff's Complaint alleges the following: intentional tort; retaliation; harassment; race discrimination; age discrimination; disability discrimination; failure to accommodate disability; hostile work environment; wrongful denial of disability benefits; wrongful exhaustion of family medical leave; wrongful termination. Throughout her Complaint, Plaintiff generally references "state laws of discrimination," and specifically references Ohio Revised Code §2745.01 and Chapter 4112.  As to federal law, Plaintiff specifically references Title VII of the Civil Rights Act ("Title VII"), the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Family Medical Leave Act ("FMLA"), the Equal Pay Act ("EPA"), and the Rehabilitation Act.

Chase has moved to dismiss many of Plaintiff's claims.  (Doc. 12).  Chase has also moved to strike a small portion of Plaintiff's Complaint that reveals confidential settlement discussions. (*Id.*).  Plaintiff responded by filing an "Answer" to Defendant's motion, in essence a

memorandum in opposition. (Doc. 16).[1] Chase filed a reply brief. (Doc. 21).

## II. STANDARDS OF REVIEW

### A. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a defendant to move for dismissal of a complaint for failure to state a claim upon which relief may be granted. The propriety of dismissal pursuant to Rule 12(b)(6) is a question of law. *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005). In determining whether to grant a Rule 12(b)(6) motion, the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). To survive dismissal pursuant to Rule 12(b)(6), however, a claim must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), clarified *Twombly's* plausibility standard:

---

[1] Within her opposition brief, Plaintiff asks the Court to strike Defendant's motion. As previously addressed by the Court in the companion case, Federal Rule of Civil Procedure 12(f) is limited to "pleadings" and is inapplicable to other filings. *See* Opinion and Order, Case No. 09-cv-1152, Doc. 32, pp. 5–6. Defendant's combined motion is properly before this Court for review. Thus, Plaintiff's request to strike is not well-taken.

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id*. at 678–79 (internal citations omitted).

With that said, the Court is also mindful that this is a *pro se* action. "*Pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir.1999). Allegations in a *pro se* complaint are interpreted generously, although the Court is not required to fabricate unpled allegations or, conversely, ignore the facts that have been plead. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *McCaskill v. Alcoholism Counsel et al.*, No. 06-743, 2008 WL 4449015, at *2 (S.D. Ohio Sept. 26, 2008) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

**B.     Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court may strike portions of the pleading acting on its own initiative or "on a motion made by a party ... before responding to the pleading." *Id.*

Courts retain considerable discretion in ruling on a motion to strike, though such motions are generally disfavored. *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 480 (6th Cir. 2003) ("We review the decision to grant or deny a motion to strike for an abuse of discretion."); *In Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) ("[A]ction of striking a pleading should be sparingly used by the courts.") (citations omitted); *see also* 4 Charles Alan Wright et al., *Federal Practice and Procedure* § 1382 (3d ed. 2011) (explaining that Rule 12(f) motions are not favored and "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action").

### III. DISCUSSION

**A. Motion to Dismiss**

Chase moves to dismiss many of Plaintiff's claims. First, Chase argues that Plaintiff's state law claims that relate to, and/or seek, disability benefits should be dismissed as preempted by ERISA. Second, Chase argues that Plaintiff's intentional tort claim is statutorily barred. Third, Chase argues that Plaintiff's federal law claims that are outside the scope of the Charge should be dismissed for failure to exhaust administrative remedies. Finally, Chase argues that Plaintiff's EPA claim should be dismissed for failure to state a claim. The Court will address each of these arguments, though in a different order.

**1. Federal Law Claims**

**a. Title VII, ADA, ADEA claims**

Defendant moves to dismiss all of Plaintiff's Title VII, ADA, and ADEA claims that exceed the scope of Plaintiff's EEOC complaint. The Court finds this failure to exhaust

5

administrative remedies argument persuasive.

The exhaustion of administrative remedies is a condition precedent to a Title VII, ADA or ADEA claim, and not a jurisdictional defect. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006)*; Zipes v. TWA*, 455 U.S. 385, 392–98 (1982); *Hill v. Nicholson*, 2010 WL 2640261, at *3 (6th Cir. June 24, 2010). Even though the requirement is not jurisdictional, Sixth Circuit courts still require that a federal court complaint alleging discrimination "be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002); *Collins v. Ohio Dep't of Job & Family Servs.*, No. C2-05-461, 2007 WL 2783661, at *15 (S.D. Ohio Sept. 24, 2007); *Sain v. Am. Red Cross*, 233 F. Supp. 2d 923, 929 (S.D. Ohio 2002). Thus, "[f]ailure to timely exhaust administrative remedies is an appropriate basis for dismissal" of a Title VII, ADA or ADEA action. *Williams v. Nw. Airlines, Inc.*, 53 Fed. App'x 350, 351 (6th Cir. 2002); *see also Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 753 (1979); *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 400–01 (6th Cir. 2008); *Lowe v. Hamilton Cty. Job & Family Servs.*, 2009 WL 818960, at *7 (S.D. Ohio Mar. 27, 2009).

To exhaust administrative remedies, a plaintiff must file a charge with the EEOC within 180 days of the alleged unlawful employment practice or, if the plaintiff has instituted proceedings with a state or local agency, within 300 days. *See* 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a) (procedures from § 2000e-5 apply to ADA claims). Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has ninety days to file a civil action. *See* 42 U.S.C. § 2000e-5(f)(1). Typically, a plaintiff may not file suit if he or she does not receive and act upon a right-to-sue letter from the EEOC. *See Sain*, 233 F. Supp. 2d at 927–28; *Parry v.*

*Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000).

This exhaustion requirement, however, "is not meant to be overly rigid, nor should it result in the restriction of subsequent complaints based on procedural technicalities or the failure of the charges to contain the exact wording which might be required in a judicial pleading." *Collins*, at *16 (citing *Randolph v. Ohio Dept. of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006)). Rather, the Sixth Circuit has "recognized that where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Weigel*, 302 F.3d at 380.

Applying these rules to Plaintiff's case, there is no dispute that Plaintiff timely filed suit after receiving her right-to-sue letter for Charge No. 846-2011-39627. The issue here is whether the allegations of Plaintiff's Complaint were specifically raised in the Charge or else reasonably expected to grow from the EEOC's investigation of the Charge. In her Charge, Plaintiff specifically checked the boxes indicating "race," "retaliation," "age," and "disability" discrimination. In her Charge description, Plaintiff identified specific date ranges, between September 2010 and April 2011, during which she alleges she was subjected to "different terms and conditions of employment." (Doc. 12-1). Specifically, Plaintiff disputes salary and benefit issues surrounding her use of short-term disability and FMLA leave, denial of an annual pay raise, and denial of long-term disability.

Plaintiff's Complaint, however, alleges events completely unrelated to these salary, benefit, and leave issues, such as: being denied the ability to move to a less stressful position as a reasonable accommodation; being subjected to a hostile work environment through false accusations, threats of being written up, an harassing comment; and being terminated in

September 2011. These new allegations cannot be viewed as a reasonable outgrowth of Plaintiff's Charge allegations. *See, e.g.*, *Jones v. City of Franklin*, 309 Fed. App'x 938, 943–44 (6th Cir. 2009) ("No decision in this circuit has held that EEOC charges regarding discrete acts of discrimination are alone sufficient to put the EEOC on notice of a hostile-work-environment claim. . . . [Thus, the district court] did not err in dismissing the plaintiffs' hostile-work-environment claims brought under Title VII."); *Guethlein v. Potter*, No. 1:09-cv-451, 2011 WL 672046, at *5–*7 (S.D. Ohio Feb. 17, 2011) (finding the discrete acts of discrimination and retaliation plaintiff alleged in EEOC complaint to be unrelated to the plaintiff's hostile work environment and failure to accommodate allegations in her federal judicial complaint, thus warranting partial dismissal).

Accordingly, Plaintiff's federal claims of failure to accommodate, retaliatory and/or hostile work environment harassment, and wrongful termination are dismissed for a failure to exhaust administrative remedies.

      **b.**     **EPA claim**

Plaintiff summarily references the Equal Pay Act in her Complaint without identifying what specific acts she alleges Defendant committed in violation of the law. Plaintiff's Complaint does not mention any male employees who received higher wages than her for equal work. Even in her response to Defendant's motion to dismiss, Plaintiff merely alleges that the basis for her EPA claim is that Defendant paid out an improper amount of 401(k) savings upon her termination. Such allegations, even if true, cannot establish a *prima facie* claim under the EPA. 29 U.S.C. § 206(d)(1); *Mallison v. Haworth, Inc.*, No. 11-1218, 2012 WL 2580609, at *3 (6th Cir. July 3, 2012) ("[T]o establish a *prima facie* case under the EPA, a plaintiff must demonstrate

that an employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.") (internal quotations omitted). Therefore, Plaintiff's EPA claim is dismissed as a matter of law.[2]

### c. FMLA claim

Plaintiff has alleged facts that, if true, could be used to support a claim of FMLA interference. Plaintiff alleges that Defendant did not provide her with proper notice regarding her FMLA leave, and that her FMLA leave was prematurely exhausted by Defendant, where after she was terminated. (Compl., pp. 16–17, 20, 29). These facts have not been addressed by Defendant's motion to dismiss, thus this claim remains in this action at this time.[3] Unlike the other federal statutes discussed *supra*, the FMLA does not require employees to exhaust administrative remedies before proceeding in federal court. *Algie v. N. Ky. Univ.*, 456 Fed. App'x 514, 520 (6th Cir. 2012); *Seitz v. Lane Furniture Indus., Inc.*, No. 07CV171, 2008 WL 4346439, at *7 (N.D. Ohio Sept. 17, 2008).

## 2. State Law Claims

### a. Intentional tort claim

Plaintiff claims that Defendant has violated Ohio's intentional tort statute, Ohio Revised

---

[2] Likewise, in her Complaint, Plaintiff summarily references the Rehabilitation Act of 1973 without discussion. When Defendant stated that "it is unclear if Plaintiff is attempting to assert any claim" under this Act (Doc. 12, p.2), Plaintiff did not provide any response, apparently agreeing that no such claim was intended or, at a minimum, abandoning any such claim. Moreover, Plaintiff is not a federal employee nor has she pled any other facts that would bring her within coverage of the Act. Thus, the Court does not consider this to be a pled and/or viable claim in this case.

[3] Plaintiff further discussed facts related to the FMLA in her opposition brief, which Defendant continued to leave unaddressed in its reply brief. (*See, e.g.,* Doc. 16, pp. 24, 34).

Code § 2745.01. Plaintiff bases her claim solely upon Defendant's alleged acts of discrimination, harassment, and retaliation during the course of her employment. Defendant is correct that such underlying acts cannot form the basis for a separate intentional tort claim. The statute specifically states that it "does not apply to claims arising during the course of employment involving discrimination, civil rights, retaliation, harassment in violation of Chapter 4112." Ohio Rev. Code § 2745.01(D). Therefore, Plaintiff's intentional tort claim is dismissed as a matter of law.

### b. State law claims related to disability benefits dispute

Plaintiff alleges that she was inappropriately compensated during her short-term disability leaves and wrongfully denied long-term disability benefits as the result of unlawful discrimination, harassment, and retaliation. Chase argues that these claims relate to and/or seek disability benefits and, therefore, are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

ERISA preempts state law claims that "relate to" any employee benefit plan. 29 U.S.C. §1144(a); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir. 1991). The phrase "relate to" is broadly interpreted, providing for preemption of a state law claim whenever "it has connection with or reference to" the plan. *Cromwell*, at 1275. The Sixth Circuit "has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA," so that "only those state laws and state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral are not preempted." *Id.* at 1276. The label a plaintiff places on a state law claim does not govern a court's determination of preemption; rather, a court looks to whether "in essence such a claim is for the recovery of an

ERISA plan benefit." *Id.*

Here, Plaintiff's Complaint does not reference ERISA; however, many of her allegations center around purported improper administration of disability leave and wrongful denial of disability benefits. Thus, "in essence," Plaintiff's Complaint seeks to recover benefits due under the terms of Defendant's plan(s), and seeks to enforce her rights under the terms of the plan(s). In fact, in her opposition brief, Plaintiff admits that she seeks relief related to Chase's denial of her request for disability benefits (Doc. 16, p. 3) and specifically references ERISA (*Id.*, p. 34). In determining whether Plaintiff is entitled to additional benefits, the Court will have to examine the language of the plan(s) involved. This is an action "by a participant or beneficiary [in an ERISA plan] to recover benefits due [her] under the terms of [her] plan" and "to enforce [her] rights under the terms of the plan." *Lockett v. Marsh USA, Inc.*, No. 1:06cv00035, 2007 WL 290784, at *4 (N.D. Ohio Oct. 3, 2007) (citing 29 U.S.C. §1132(a)(1)(b), and holding state law cause of action for discrimination completely preempted); *see also Lockett v. Marsh USA, Inc.*, 354 Fed. App'x 984, 988–89 (6th Cir. 2009).

Under these circumstances, it is clear that Plaintiff's state law discrimination, harassment, and retaliation claims asserting improper administration and wrongful denial of disability benefits are preempted by ERISA and must be dismissed.

        **c.**      **State law claims unrelated to disability benefits dispute**

Plaintiff has raised several other state law claims, unrelated to her disability benefits dispute, which Defendant has not addressed, including: failure to accommodate, retaliatory

and/or hostile work environment harassment, and wrongful termination.[4] Though Plaintiff's federal claims based on these allegations may be dismissed for failure to exhaust administrative remedies, there is no similar exhaustion requirement under state law. *See Harrison v. City of Akron*, 43 Fed. App'x 903, 905 (6th Cir. 2002) ("A discrimination claimant may pursue a civil cause of action without first exhausting his administrative remedies.") (citing Ohio Rev. Code § 4112.99); *Braud v. Cuyahoga Cty. Career Ctr.*, No. 1:06cv1059, 2007 WL 963292, at *5–*6 (N.D. Ohio Mar. 28, 2007); *Dworning v. Euclid*, 119 Oh. St. 3d 83, 88 (2008) ("[O]ne who claims that discrimination has occurred has two avenues of recovery under R.C. Chapter 4112: administrative relief through the OCRC or a civil suit filed in a court of common pleas."). Therefore, these non-preempted state law claims remain in this action at this time.

**B.     Motion to Strike**

Defendant has moved to strike a small portion of the Complaint. Defendant's request would involve redacting one or two sentences of the Complaint, where Plaintiff described part of a settlement offer made by Defendant during court-ordered mediation in the companion case. Clearly, such information was intended to be kept confidential between the parties, is immaterial to the case at hand, and could not be used as evidence. *See* Fed. R. Evid. 408; S.D. Ohio Civ. R. 16.3. But the Court does not view this disputed information as being of such a critically sensitive nature that it warrants removal from the document. Therefore, Defendant's Motion to Strike is **DENIED**.

With that said, the Court will disregard this information when reaching any decision in

---

[4] These state law claims do not "relate to" any disability benefit plan offered by Chase. Unlike case law cited by Chase, Plaintiff's Complaint does not allege that her failure to be accommodated, hostile work environment or wrongful termination were motivated by a desire to prevent her receipt of benefits. The Court may address these stand-alone claims independently from plan interpretation; thus, ERISA preemption is inapposite.

this case.  Furthermore, the Court **ORDERS** Plaintiff not to disclose this or any other confidential information garnered from the parties' prior mediation, or any other settlement discussions that may arise, in the course of litigating this case or the companion case.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's Combined Motion (Doc. 12)—granting the motion to dismiss and denying the motion to strike.

The Court has not dismissed any claims for which operative facts were alleged in the Complaint but left unaddressed by Defendant's motion to dismiss.  Thus, the following claims remain pending in this case: wrongful denial of long-term disability benefits under ERISA; federal claims of race discrimination, age discrimination, disability discrimination, and retaliation, as limited by Plaintiff's EEOC charge; claim of FMLA interference; and state law claims under Chapter 4112 for failure to accommodate, retaliatory and/or hostile work environment harassment, and wrongful termination (*i.e.*, termination as the result of unlawful discrimination and/or retaliation).

The Clerk shall remove Document 12, of Case No. 2:11-cv-879, from the Court's pending motions list.

**IT IS SO ORDERED.**

*s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**