UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LYNDA REDDY,

       Plaintiff,                                      Case Nos. 2:09-cv-1152
                                                        2:11-cv-879
    -v-                                            JUDGE SMITH
                                                        Magistrate Judge Deavers

JPMORGAN CHASE BANK, N.A., *et al.*,

       Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. 83). This motion has been fully briefed and is ripe for review. For the reasons that follow, the Court **GRANTS** Defendants' Motion to Strike.

**I.    BACKGROUND**

In December 2009, *pro se* Plaintiff Lynda Reddy initiated an employment discrimination action against Defendants JPMorgan Chase Bank, N.A. ("Chase"), Nicole Lafayette, and Stacey Dean (collectively "Defendants"), which was docketed as Case No. 2:09-cv-1152. Following a preliminary pretrial conference held in July 2011, the Court initially set a case-dispositive motions deadline of May 18, 2012 (Doc. 51).

In October 2011, Plaintiff initiated a second employment discrimination action against Chase, which was docketed as Case No. 2:11-cv-879. Because Case No. 2:09-cv-1152 and Case No. 2:11-cv-879 contain common issues of law and fact, the Court consolidated the two actions in December 2011 and ordered that all future filings be filed in Case No. 2:09-cv-1152 (Doc. 61). In January 2012, the Court set the dispositive motions deadline in the consolidated cases as

August 18, 2012 (Doc. 62).  On October 1, 2012, the Court extended the dispositive motions deadline in these cases to October 25, 2012 (Doc. 72).

In compliance with the dispositive motions deadline, Defendants filed their Motion for Summary Judgment on October 25, 2012 (Doc. 78).  On November 5, 2012, Plaintiff filed a Motion to Extend Answer to Defendant's Motion for Summary Judgment (Doc. 79).  In addition to seeking a fifteen-day extension to respond to Defendant's Motion for Summary Judgment, Plaintiff sought an "[o]rder extending the dispositive motion deadline . . . to 45 days after the Court rules on . . . Defendants' Motion for Summary Judgment."  *Id.* at 1.  She indicated that she was "preparing to file an amended complaint of Summary Judgment" and that her request would "avoid potentially unnecessary briefing in the Plaintiff['s] forthcoming summary judgment."  *Id.* at 2-3.

On November 7, 2012, the Court granted Plaintiff's request for additional time to respond to Defendants' Motion for Summary Judgment, allowing her to file the response by November 30, 2012 (Doc. 80).  Insofar as Plaintiff was requesting to extend the dispositive motions deadline, her request was denied because she failed to set forth good cause for modification of the case schedule as required under Federal Rule of Civil Procedure 16(b)(4).

On November 26, 2012, Plaintiff filed her Motion for Summary Judgment (Doc. 81).  In response to this motion, Defendants filed their Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. 83).  The Motion to Strike is fully briefed and ripe for disposition.

**II.    DISCUSSION**

Defendants move to strike Plaintiff's Motion for Summary Judgment on the basis that she has failed to set forth good cause for leave to file her motion beyond the deadline established by

the Court.  Plaintiff argues that her Motion for Summary Judgment should not be stricken under Rule 12(f) of the Federal Rules of Civil Procedure because it does not contain immaterial or scandalous matter, because the dispositive motions deadline did not apply to the second case she initiated against Chase, Case No. 2:11-cv-879, and because the filing is actually a timely response to Defendants' Motion for Summary Judgment.  Plaintiff's arguments are unpersuasive.

Plaintiff's reference to Rule 12(f) is unresponsive to Defendants' Motion to Strike because Defendants do not move to strike Plaintiff's Motion for Summary Judgment under Rule 12(f), which is limited in application to pleadings or portions of pleadings.[1]  A motion is not a pleading.  *See* Fed. R. Civ. P. 7(a) (defining "pleadings").  Instead, Defendants seek to invoke the Court's inherent power to control its docket in determining whether to strike documents or portions of documents.  *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (trial courts possess inherent power to "manage their own affairs so as to achieve an orderly and expeditious disposition of cases").  Thus, Plaintiff's assertion that her Motion for Summary Judgment does not contain immaterial or scandalous matter does not address the issue of whether the motion should be stricken for being untimely filed in contravention of the Court's case management deadline.

Before filing her Motion for Summary Judgment, Plaintiff first filed a document requesting an extension of time to file a response to Defendants' Motion for Summary Judgment and suggesting that she was seeking to file her own motion for summary judgment.  The Court promptly granted Plaintiff additional time to file a response and also denied any request to

---

[1] Rule 12(f) provides that a "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

extend the dispositive motions deadline because she failed to set forth good cause warranting any extension. Despite this clear order, Plaintiff still filed her Motion for Summary Judgment more than four weeks after the dispositive motions deadline, again without providing any reason for the late filing.

Plaintiff's suggestion that the dispositive motions deadline only applied to the first filed case is unavailing. The Court consolidated the two actions in December 2011, and thus the Court's October 1, 2012 Order setting the October 25, 2012 deadline applied to both cases. Further, Plaintiff's Motion for Summary Judgment seeks judgment in her favor on all claims, in both cases, belying any assertion that she believed the deadline only applied to the first filed case.

Finally, the Court rejects Plaintiff's attempt to characterize the filing as a timely response to Defendants' Motion for Summary Judgment. The motion is titled "Motion for Summary Judgment by Plaintiff Lynda Reddy," and it is clear from the content of the motion that she seeks judgment in her favor on her claims pursuant to Rule 56. For example, the conclusion of the filing states in part, "this Plaintiff respectfully request [sic] that this Court issue an order granting the Motion of [sic] Summary Judgment under Rule 56." (Doc. 81 at 102). By this filing, Plaintiff is undoubtedly seeking judgment in her favor on all of her claims. However, because Defendants' Motion for Summary Judgment seeks judgment in their favor on all of Plaintiff's claims, Plaintiff's Motion for Summary Judgment is conceptually an indirect challenge to Defendants' Motion for Summary Judgment. While the Court could construe Plaintiff's filing as her response to Defendants' Motion for Summary Judgment, insofar as some of her assertions set forth in support of her motion are at least an indirect challenge to arguments set forth in

Defendants' Motion for Summary Judgment, the Court believes the better course of action is to provide Plaintiff with an opportunity to file a new document directly responsive to Defendants' Motion for Summary Judgment, and the arguments contained therein.

## III.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. 83).  The Court therefore **STRIKES** Document 81. Plaintiff may file a response to Defendants' Motion for Summary Judgment no later than April 22, 2013, and any reply shall be filed 14 days after the filing of the response.

The Clerk shall remove Documents 81 and 83 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                             *s/ George C. Smith*
                                             **GEORGE C. SMITH, JUDGE**
                                             **UNITED STATES DISTRICT COURT**